IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CORINTHEUS MONCION ASH,

     Plaintiff,

v.                                  CASE NO. 5:13-cv-35-SPM-GRJ

AMANDA KELLEY, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined in the Bay County Jail, initiated this case

by filing a complaint pursuant to 42 U.S.C § 1983, Doc. 1. This case is before the Court

for screening pursuant to 28 U.S.C § 1915A, which provides that the Court may dismiss

a case at any time if the Court determines that the allegation of poverty is untrue, or the

action is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C §

1915(e)(2). Plaintiff has neither paid the $350.00 civil rights filing fee nor filed a motion

for leave to proceed as a pauper. Moreover, it is clear from the allegations of the

Complaint that it is due to be dismissed for failure to state a claim upon which relief may

be granted.

## Plaintiff's Allegations

Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against two of his

attorneys, Amanda Kelley and James Husbands, as well as the State of Florida.

Plaintiff alleges that he requested his attorneys to file a "Demand for Speedy Trial," but

that they failed to do so.  Plaintiff asserts that his attorneys have abandoned his case because he has not met with them since mid-November.  Plaintiff alleges that this violates his Sixth Amendment right to a speedy trial and right to counsel, as well as his due process and equal protection rights.  As relief, Plaintiff seeks "liberty," "justice," and "equality."  (Doc. 1, at 7.)

### Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal,

complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal).*

## Discussion

Initially, it appears from the allegations in Plaintiff's complaint that he has not yet been convicted in his state criminal case. However, to the extent he has been convicted in state court, his civil rights claims under 42 U.S.C. § 1983 are *Heck*-barred. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

Plaintiff's contention that his conviction violated due process necessarily implies the invalidity of the conviction. Absent expungement or invalidation of that conviction,

Plaintiff's claims are barred by *Heck.* Plaintiff has indicated in his Complaint that he has <u>not</u> pursued any state court remedies and does not allege that his conviction or sentence has been reversed, declared invalid, or called into question by a federal habeas court. (Doc. 1.) Accordingly, because Plaintiff is implying the invalidity of his conviction in the absence of expungement or invalidation of that conviction, his claims are barred by *Heck.* Notwithstanding the *Heck* issue, it also appears that Plaintiff has failed to exhaust any state court remedies.

To the extent Plaintiff wishes to file a § 1983 suit or a habeas petition and he has not yet been convicted,[1] this Court must abstain from passing on claims pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11ᵗʰ Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11ᵗʰ Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues

---

[1]To the extent Plaintiff wishes to file a habeas petition, it would be treated as a petition under 28 U.S.C. § 2241, as Plaintiff was not in custody pursuant to the judgment of a Florida state court when he filed the petition. *Hiteshaw v. Butterfield*, 262 Fed. Appx. 162, 164 (11ᵗʰ Cir. 2008) (*per curiam*) (The petitioner, "as a pre-trial detainee, [wa]s not in custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition.").

can be raised.  Id. at 1263 n.6.   None of the *Younger* exceptions apply in this case, and this Court must accordingly abstain from interfering with an ongoing state criminal case. Plaintiff has an adequate opportunity to advance his Due Process and Sixth Amendment claims in the state court criminal proceedings.

To the extent that Plaintiff claims damages based on the conduct of his lawyers, such claims would constitute a state-law malpractice claim, and would not provide any basis for federal jurisdiction.  Furthermore, the Court finds that Plaintiff has provided no factual support for a claim against the State of Florida.

Finally, Plaintiff failed to either pay the $350.00 filing fee or file a motion for leave to proceed as a pauper.  Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]."

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  *See* Fed.R.Civ.P. 15(a).   Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  In this case, it is clear that the facts and circumstances relied upon by Plaintiff are not a proper subject for relief under 42 U.S.C § 1983, and amendment would be futile.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed pursuant to 28 U.S.C. § 1915A because Plaintiff has failed to state a claim upon which

relief can be granted.

**IN CHAMBERS**, at Gainesville, Florida, this 11ᵗʰ day of February 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**